IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRENISS J. EVANS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:22-CV-00682-SDJ-CAN |
| v. | § | |
| | § | |
| THE SELECT JANUARY SIX COMMITTEE, ET AL., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court are Plaintiffs Treniss J. Evans, Dominic Pezzola, and Edward J. Lang's ("Plaintiffs") Application for Temporary Restraining Order Pending Relief by Permanent Injunction ("Application for TRO") [Dkt. 26] and Motion for Hearing on Application for Temporary Restraining Order Pending Relief by Permanent Injunction ("Motion for Hearing") (collectively, the "Emergency Motions") [Dkt. 27].

*Procedural Background – Live Pleading & Summons*

On August 5, 2022, Plaintiffs filed the instant suit against Defendants The Select January Six Committee ("January 6th Committee"), Bennie Thompson, Adam Schiff, Zoe Lofgren, Elaine Luria, Pete Aguilar, Stephanie Murphy, Jamie Raskin, Elizabeth Cheney, and Adam Kinzinger [Dkt. 1]. On September 12, 2022, Plaintiffs purported to file an amended complaint [Dkt. 2], which was marked as deficient by the Clerk of Court and Plaintiffs were directed to refile. On September 14, 2022, Plaintiffs again attempted to file an amended complaint [Dkt. 3]; the filing was docketed as deficient, and Plaintiffs were again directed to refile. On September 17, 2022, Plaintiffs filed an amended complaint – the live pleading [Dkt. 4].

On October 19, 2022, the Court issued a Notice of Impending Dismissal [Dkt. 13], advising Plaintiffs that more than 60 days have passed since the filing of this action, and Defendants had not yet been served [Dkt. 13]. The Court directed Plaintiffs to complete service of process upon Defendants according to Federal Rule of Civil Procedure 4 within 90 days of the initiation of this lawsuit, no later than November 3, 2022 [Dkt. 13 at 1-2]. Summons were issued on November 1, 2022 [Dkts. 14; 15; 16; 17; 18; 19; 20; 21; 22; 23]. The same day summons were issued, Plaintiffs purported to file returns of service [Dkts. 24; 25]. No Defendant has yet appeared in this cause.

***Procedural Background – Emergency Motions***

Plaintiffs first sought a temporary restraining order ("TRO") on September 22, 2022, filing a Motion for Hearing on Application for Temporary Restraining Order Pending Relief by Permanent Injunction [Dkt. 5], which was marked as deficient by the Clerk of Court with instructions to correct within one business day. On October 3, 2022, Plaintiffs late-filed a certificate of conference only [Dkt. 6]. This docket filing was also marked as deficient. The same day, Plaintiffs moved for leave to late file the certificate of conference [Dkt. 7]; for clarity of the record, the Court notes that such request is moot given that the underlying motion and certificate of conference were each docketed as deficient by the Clerk's Office. On October 4, 2022, Plaintiffs filed a request for hearing [Dkt. 8] and a second Application for TRO [Dkt. 9]. The Application for TRO was again docketed as deficient [*See* Dkts. 11; 12].[1] No correction was filed within one business day. For clarity of the record, the Court notes that the accompanying request

---

[1] The Application for TRO was filed using the docket event "Additional Attachments to Main Document 4: Amended Complaint." There is no TRO request in the amended complaint, which seeks a permanent injunction and attorney's fees [*See* Dkt. 4 at 13-14]. Eastern District of Texas Local Rule 65 states: "An application for a temporary restraining order or for a preliminary injunction shall be made on an instrument separate from the complaint." Local Rule CV-65. Plaintiffs' counsel should familiarize themselves with the Court's Local Rules.

for hearing is moot given that the filing upon which the hearing was sought was docketed as deficient by the Clerk's Office.

On December 1, 2022, Plaintiffs filed their third, the instant Application for TRO [Dkt. 26] and a Motion for Hearing, the Emergency Motions [Dkt. 27]. By and through the Emergency Motions, Plaintiffs seek a TRO pursuant to Rule 65 to protect against "irreparable harm to their reputations, and or freedoms, and or financial property" [Dkt. 26 at 13-14]. Plaintiffs seek to enjoin the following persons and/or entities: Defendants the January 6th Committee,[2] Thompson, Schiff, Lofgren, Luria, Aguilar, Murphy, Raskin, Cheney, and Kinzinger, and non-party "Cable Network News," "known as CNN"[3] [Dkt. 26 at 5-8]. Plaintiffs allege the January 6th Committee "produced or caused to be produced and released" a video that depicts Plaintiff Evans "utilizing a load speaker on January 6, 2021, during the recitation of the relevant utterances from Trump[,] as well as Pezzola and Lang," as further described in the complaint [Dkt. 26 at 12-13]. Plaintiffs allege the Parties to be enjoined

> acting as a collective unit but in the interest of the Democratic Party, have: (1) utilized the actions of EVANS, PEZZOLA, and LANG to criminally manufacture video evidence with intent to (1) deceive, and in effort to justify submitting a criminal referral for prosecution (See New York Times – April 10, 2022) against TRUMP and others to include but not limited to the Applicants, and (2) to further persuade or influence a grand or petite jury or both; and (3) the Respondents have utilized the video in effort to conduct the criminal trials of Pezzola and Lang before a defacto jury of public influenced media opposed to a judicial assembled jury of the Applicant's peers.

[Dkt. 26 at 14]. Plaintiffs urge, as a result of these actions, a TRO should issue in favor of Plaintiffs (and "joiner" Donald J. Trump) because "the conduct of Trump currently under investigation by

---

[2] Though the Application for TRO states, "The Committee is an uncharged party to this action but performs as the collective party for the [other named defendants] and for purposes of this TRO Application" [Dkt. 9 at 5], the amended complaint in fact names the January 6th Committee as a party to this action [Dkt. 4 at 4] ("the Committee is a defendant to this cause").

[3] CNN, correctly named Cable News Network, is not a party to this lawsuit [*See* Dkt. 4].

the Committee members, constitutes political speech which is a class of protected speech under the First Amendment" and that "the plaintiffs applicable non criminal conduct . . . rest beyond the reach of both federal criminal statutes, and the grand jury itself" [Dkt. 26 at 29-30]. Therefore, Plaintiffs request the January 6th Committee be enjoined "from presenting a criminal referral to the United States Department of Justice for grand jury consideration" based upon the alleged "deceptive evidentiary value of [the January 6th Committee's] June 9, 2022 video tape relating to the relevant subject matter, the doctrine of actual innocence, the doctrine of collateral estoppel, and upon the principles established under the doctrine of Torturous vindictive prosecution for political causes" [Dkt. 26 at 30]. The Application for TRO additionally argues the Court should enjoin the January 6th Committee, CNN, "and all unknown media sources" from "airing, distributing, publishing, broadcasting, using or causing to be used, the June 9, 2022 video production any anyway whatsoever" [Dkt. 26 at 30]. Plaintiffs request the TRO be entered pending consideration of the live pleading which requests a permanent injunction.

Plaintiffs seek an *ex parte* TRO. Plaintiffs' Motion is filed pursuant to Rule 65(b)(1)(A),(B) [Dkt. 26 at 1]. Defendants' deadline to respond to this lawsuit has not yet passed, and Plaintiffs' counsel represents that "no effort to serve notice upon the responding parties" has been made [Dkt. 26 at 33].[4] As well, the Motion for Hearing states service was made on opposing

---

[4] The herein Certificate is presented pursuant to Rule 65(b)(1)(B) F.R.Civ.P. –
    I, the undersigned attorney for the applicant Trennis Jewell Evans III, duly certify that I have made no effort to serve notice upon the responding parties to this cause for reasons of dire urgency, so as to prevent irreparable injury against the person and business property of my client and that of the joinder. In support of the herein, counsel states:
    On or about July 2, 2022 and less than 30 days after the Respondents publicly announced that it (the Committee) had enough evidence to include the evidence from Treniss Jewell Evans III, as set out within the instant Application for TRO, to make an actual criminal referral against a private citizen or citizens predicated upon the facts as set forth within the paragraphs and subparagraphs to the attached APPLICATION FOR TEMPORARY RESTRAINING ORDER PENDING RELIEF BY PERMANENT INJUNCTION.
[Dkt. 26 at 33-34].

counsel via the Court's electronic filing system, while recognizing that because no counsel has yet appeared in this cause, no one was actually served or given notice.[5] Notably, the certificate of service is dated for October 4, 2022, the date of a previously filed motion [Dkt. 27 at 3].

After reviewing the pending Emergency Motions and all relevant filings to date, the Court finds that in their present form the Emergency Motions may fail to sufficiently allege the requirements necessary for issuance of an *ex parte* temporary restraining order and/or the setting of any hearing. As such, the Court concludes Plaintiffs should be permitted an opportunity to correct any potential deficiencies in the pending Emergency Motions prior to the Court's consideration and any recommendation regarding same.

"The standard for obtaining a temporary restraining order is the same as that for obtaining a preliminary injunction." *Chags Health Info. Tech., LLC v. RR Info. Techs., Inc.*, No. 4:21-CV-268-SDJ, 2021 WL 2786557, at *2 (E.D. Tex. May 7, 2021). Plaintiffs "must therefore establish the following four elements to obtain a TRO": "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the [temporary restraining order] is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the [temporary restraining order] may do to defendant, and (4) that granting the [temporary restraining order] will not disserve the public interest." *Id.* (quoting *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009)); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

---

[5] The Motion for Hearing contains a purported certificate of conference, stating:
> I certify that I have in good faith complied with the requirements of Rule 7 F.R.Civ.P.
> Pursuant to Rule 7(a) F.R.Civ.P, Conference was attempted with counsel for the Defendants on December 1, 2022, however no counsel has yet to entered its appearance in this cause, and Defendants were unable to be reached.
> /s/Mark J. Lieberman
> Mark J. Lieberman
> Attorney for Defendant

[Dkt. 27 at 4]. To note, Mr. Lieberman is the attorney of record for Plaintiffs, not Defendants.

7, 21 (2008) (preliminary injunction); *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 1, 2009) (Fitzwater, J.) ("To obtain a TRO, an applicant must demonstrate entitlement to a preliminary injunction. . . . A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief."). A "temporary restraining order is an 'extraordinary and drastic remedy' that 'should only be granted when the movant has clearly carried the burden of persuasion.'" *Sharing Servs. Glob. Corp. v. Oblon*, No. 4:20-CV-989-SDJ, 2021 WL 3410670, at *1 (E.D. Tex. Jan. 8, 2021) (quoting *Anderson*, 556 F.3d at 360); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").[6] At present, Plaintiffs' Emergency Motions do not address each of the above-enumerated elements required for emergency injunctive relief. *See Winter*, 555 U.S. at 21; *U.S. Bank Nat'l Ass'n v. LP Shopping Ctr., LLC*, No. 6:14-CV-636, 2014 WL 12573821, at *2 (E.D. Tex. Oct. 3, 2014) (citing *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990)) ("[r]egardless of whether [Plaintiff] can establish a substantial likelihood of success on the merits, [she] must also establish each of the remaining elements."), *report and recommendation adopted*, No. 6:14CV636, 2014 WL 12576851 (E.D. Tex. Oct. 6, 2014)); *see also Elite Med. Lab'y Sols., LLC v. Becerra*, No. 2:22-CV-133-Z, 2022 WL 2704041, at *2 (N.D. Tex. July 11, 2022) ("If the movant fails to satisfy any one of the four factors, a TRO will not issue."). For example, the Court is unable to tell when any events sought to be enjoined will take place and/or whether any such events have already taken place. The Application seemingly requests the Court enjoin the January 6th Committee from making a criminal referral to the DOJ regarding Plaintiffs. However, the amended complaint

---

[6] Any "findings of fact and conclusions of law made by a court" when considering such preliminary relief "are not binding" at later stages of the proceeding. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

pleads that each Plaintiff has already been indicted [Dkt. 4 at 8, 10].[7] Stated differently, no factual allegation substantiates that the January 6th Committee intends to imminently make any criminal referral to the DOJ regarding Plaintiffs. Nor do the Emergency Motions or the amended complaint allege that the January 6th Committee, CNN, or any other "unknown media sources" are presently airing the "June 9, 2022 video production" of which Plaintiffs complain, or that these entities plan to air or broadcast the video in the future. Plaintiffs seemingly only allege such broadcasts occurred in the past. Without such information, the Court is not able to appropriately evaluate or proceed on Plaintiffs' requested emergency relief.[8] [9]

---

[7] Evans was indicted on March 17, 2021 on five counts. *United States v. Evans*, No. 1:21-cr-00225-DLF-1 (D.D.C. Mar. 17, 2021), ECF No. 5. On March 10, 2022, Evans pleaded guilty to Count 2. *Id.* ECF No. 32. On November 21, 2022, Evans was sentenced to 36 months of probation with 20 days of intermittent confinement, and judgment was entered on November 29, 2022. *Id.* ECF No. 68. Lang was first indicted on January 29, 2021 on eleven counts. *United States v. Lang*, No. 1:21-cr-00053-CJN (D.D.C. Jan. 29, 2021), ECF No. 5. On September 15, 2021, by superseding indictment, Lang was charged with thirteen counts. *Id.* ECF No. 36. Lang is currently detained pending trial, which is currently set for May 29, 2023. *Id.* ECF No. 89. Pezzola was first indicted on January 29, 2021 on eleven counts. *United States v. Pezzola et al.*, No. 1:21-cr-00052-TJK (D.D.C. Jan. 29, 2021), ECF No. 12. Pezzola is detained pretrial. *Id.* ECF No. 18. On June 6, 2022, Pezzola was charged with ten counts by third superseding indictment. *United States v. Nordean et al.*, No. 1:21-cr-00175-TJK-6 (D.D.C. filed Mar. 3, 2021), ECF No. 380. Pezzola's trial, previously set to commence on December 19, 2022, has been continued, and no date is currently set for trial. *See id.* ECF No. 562; Minute Entry dated 12/11/2022.

[8] "If the court lacks personal jurisdiction over a party, it should not enter ... a restraining order against that party." *Viahart, LLC v. Does 1-73*, No. 6:18-CV-604-RWS-KNM, 2018 WL 6929341, at *4 (E.D. Tex. Dec. 7, 2018) (quoting 13 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 65.61), *report and recommendation adopted sub nom. Viahart, LLC v. Does 1-54*, No. 6:18-CV-00604-RWS, 2019 WL 2127307 (E.D. Tex. May 15, 2019). No statement can be found alleging the Court's personal jurisdiction over the parties to be enjoined [*See* Dkt. 26 at 1-4]. The gravamen of Plaintiffs' jurisdictional and venue-related allegations turn on the claim that "the [January 6th] Committee's video broadcast [ ] extended into Texas" [Dkt. 26 at 3]. Under the header, "Personal Jurisdiction Over the Parties," the amended complaint solely addresses subject matter (diversity) jurisdiction and venue, but not personal jurisdiction over any defendant [Dkt. 4 at 2-3]. *See Stone Metals Am., LLC v. Eubank*, No. 3:20-CV-0253-K, 2020 WL 570906, at *2 (N.D. Tex. Feb. 5, 2020) ("With concerns about whether it has personal jurisdiction over [Defendants], the Court is particularly reluctant to issue a TRO as to this defendant without notice.").

[9] Whether the Court in fact has subject matter jurisdiction is also unclear, as the amended complaint may implicate issues including but not limited to Article III standing, sovereign immunity, and prudential considerations such as mootness, ripeness, and nonjusticiable political questions. To be clear, the Court takes no position on these issues at present, noting only that subject matter jurisdiction is part of the first element for a TRO, showing a substantial likelihood of prevailing on the merits. *See Singh v. Wolf*, No. 20-CV-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020) ("A party seeking injunctive relief cannot establish a 'substantial likelihood of success on the merits' if the court concludes that it lacks jurisdiction."), *report and recommendation adopted*, No. 20-CV-0539, 2020 WL 3421932 (W.D. La. June 22, 2020); *see also King v. Shannon*, No. 3:17-CV-2922-K-BN, 2017 WL 6044091, at *2 (N.D. Tex. Oct. 25, 2017) (recommending denial of a motion for preliminary injunction because the Court lacks jurisdiction).

In addition, Plaintiffs Application for TRO does not satisfy the requirements for an *ex parte* request. Rule 65(b)(1) permits a court to "issue a [TRO] without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b) (emphasis added). The Emergency Motions do not, at present, satisfy the procedural requirements for issuance of a TRO *ex parte*. *See, e.g.*, *Weiss v. Hirsch*, 560 F. Supp. 2d 537, 538-39 (E.D. Tex. 2007) (denying without prejudice plaintiff's request for TRO where plaintiff had not satisfied Rule 65(b)'s requirements); *CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14- CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (same). Regarding the first requirement, conclusory statements are not enough to show the Court it should consider *ex parte* relief pursuant to Rule 65(b)(1)(A). "To prevail in a showing of irreparable harm, a movant must demonstrate to the Court that another party will cause the movant specific, future injury unless the Court grants the movant's motion for a TRO." *Pace v. Mayorkas*, No. 2:21-CV-050-Z, 2021 WL 2678362, at *3 (N.D. Tex. Mar. 25, 2021) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 (1983)). "Speculative injury is not enough; there must be more than an unfounded fear on the part of the party moving for a TRO." *Id.* Here, the complaint is not verified, and submitted with the Application for TRO is an affidavit from Defendant Evans only [Dkt. 26-2]. The affidavit of Evans indicates it was executed on August 5, 2022 [Dkt. 26-2 at 2], several months before the instant Emergency Motions were filed. No affidavit or verified complaint is before the Court for any other Movant, specifically including Defendant Pezzola, Defendant Lang, or "joinder" Donald Trump. The Motion for Hearing only alleges Defendant Pezzola will suffer irreparable injury, but

these allegations are not made by affidavit based on personal knowledge; neither Evans nor Lang are mentioned at all [Dkt. 27]. *See, e.g.*, *Viahart, LLC v. Does 1-73*, No. 6:18-CV-604-RWS-KNM, 2018 WL 6929341, at *4 (E.D. Tex. Dec. 7, 2018) ("Plaintiff's general and conclusory statements are simply not sufficient to show that it will suffer immediate and irreparable injury before the Defendants could be heard."), *report and recommendation adopted sub nom. Viahart, LLC v. Does 1-54*, No. 6:18-CV-00604-RWS, 2019 WL 2127307 (E.D. Tex. May 15, 2019). The Application for TRO falls short of satisfying the first requirement for an *ex parte* TRO. *See Pace*, 2021 WL 2678362, at *3 (denying TRO where the movants "never detail any actual examples of *non-speculative, future* harm that they could face over the *next fourteen days* before a full hearing on a preliminary injunction"); *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-491, 2020 WL 10486334, at *5 (E.D. La. Oct. 16, 2020) ("Here, there is no verified complaint, Plaintiffs' motion is not verified, and counsel's declaration is devoid of specific facts or attached evidence supporting the very limited, vague, conclusory, and speculative allegations made in their motion papers.").

As for the second requirement for *ex parte* relief, Plaintiffs' Counsel states only that he has "made no effort to serve notice" of the Emergency Motions upon Defendants, citing only unspecified "reasons of dire urgency, so as to prevent irreparable injury against the person and business property of my client and that of joinder" [Dkt. 26 at 33]. "The normal circumstances for which a district court is justified in proceeding *ex parte* is where notice to the adverse party is impossible, or in cases where the adverse party is unknown or is unable to be found." *First Command Bank v. Exner*, No. 4:21-CV-00621-P, 2021 WL 4047400, at *1 (N.D. Tex. May 10, 2021). Counsel's certificate does not satisfy Rule 65(b)'s requirements – no explanation beyond bare conclusions is provided for why no effort was made to serve Defendants. *See id.* ("Plaintiffs

do not argue that notice to the adverse party is impossible or that the Defendants are unable to be found."). As well, no specific facts are alleged as to why Plaintiffs will be injured prior to Defendants having opportunity to be heard.[10] *See Stone Metals Am., LLC v. Eubank*, No. 3:20-CV-0253-K, 2020 WL 570906, at *2 (N.D. Tex. Feb. 5, 2020) (finding Rule 65(b)'s requirements not satisfied where counsel "offers no statement and certainly no specific facts that Plaintiff will suffer immediate and irreparable injury *before* Defendants can be heard."); *Burris v. Van Slyke*, No. 1:19-cv-160-mac, 2019 WL 1940635, at *2 (E.D. Tex. Apr. 10, 2019) (noting the requirements for an *ex parte* TRO were not satisfied where the plaintiff did not certify in an affidavit or verified complaint that any effort was made to put defendant on notice of the motion for TRO).

## REQUEST TO JOIN DONALD J. TRUMP

Contained within the Application for TRO is a "Request of the Court to Join Donald J. Trump," wherein Plaintiffs request the Court join Donald J. Trump to the Application for TRO "so as to protect the affected Rights of Trump by awarding to him any applicable relief against the conduct of respondents" [Dkt. 26 at 4-5]. The Application for TRO purports to join President Trump under Rule 19 and Rule 20. Rule 19 governs joinder of parties must be joined (mandatory

---

[10] To the extent the Motion for Hearing argues Defendant Pezzola will be irreparably injured before Defendants can be heard because the video evidence complained of "will be the evidence in chief against PEZZOLA in the criminal trial being held in the District of Columbia case number 21-cr-175-6" [Dkt. 27 at 2], the Application for TRO does not seek to enjoin the Government's use of such video evidence in any ongoing criminal prosecution. Nor can this Court adjudicate any request to suppress evidence presented in a criminal matter in another proceeding before another jurisdiction.

joinder),[11] while Rule 20 governs joinder of parties that may be joined (permissive joinder).[12] The present request does not make clear whether President Trump meets the requirements of either joinder rule. Nor have Plaintiffs filed a motion to join President Trump pursuant to Rule 21. *See* FED. R. CIV. P. 21. Moreover, the instant request to join President Trump is contained only within the Application for TRO, which is not permitted by the Eastern District of Texas Local Rules, which state in relevant part that "[e]ach pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief (e.g., a motion to dismiss or, alternatively, to transfer)." Local Rule CV-7(a). The Court denies any joinder request without prejudice to refiling a procedurally proper motion to join President Trump that clearly identifies the legal and factual basis for the request. Accordingly,

---

[11] Rule 19 states, in relevant part:
    (a) Persons Required to Be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
FED. R. CIV. P. 19(a).

[12] Rule 20 states, in relevant part:
    (a) Persons Who May Join or Be Joined.
    (1) Plaintiffs. Persons may join in one action as plaintiffs if:
        (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
        (B) any question of law or fact common to all plaintiffs will arise in the action.
FED. R. CIV. P. 20(a).

It is therefore **ORDERED** that the Motion for Leave to File Out of Time [Dkt. 7] and prior Motion for Hearing [Dkt. 8] are each **DENIED AS MOOT.**

It is further **ORDERED** that Plaintiffs may file Amended Emergency Motions satisfying the procedural requirements of Rule 65; any amended filing must demonstrate the propriety of both subject matter and personal jurisdiction over this lawsuit such that the Court may consider the emergency motions. Any Amended Emergency Motions should be filed on or before *Friday, December 30, 2022*. Any such refiled Motions must comply with all applicable Federal Rules and the Local Rules of the Eastern District of Texas, including all applicable rules for filing emergency motions.

**IT IS SO ORDERED**.

SIGNED this 15th day of December, 2022.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE